# Richard A. Ing

**From:**   Richard A. Ing
**Sent:**   Monday, March 12, 2012 12:33 PM
**To:**   'PAUL Alston'

**Subject:** RE: Olson v. Nani Mau

Paul,

I did not receive a prior email from you. If you sent me a prior email, please check to see if my email address is correct and resend to me.

I was informed this morning that this past Friday, March 9, 2012, Mr. John Cross and three females appeared at the subject property after normal business hours and padlocked the front gate to prevent ingress or egress onto the property. Thereafter, these individuals entered the property. While at the property, Mr. Cross destroyed the lock to the bird cage to gain access to one or more of my clients' birds using a bolt cutter that he was carrying.

Neither I nor my client received advance notice, written or otherwise, from your office and/or your client of your client's intent to appear at the subject property after hours to perform an inspection of the collateral and certainly did not give your client permission to lock the front gate thereby preventing vehicles from entering the property and my clients' personnel from leaving. The same goes with the destruction of the lock to the bird cage.

Given the fact that your client has filed a suit to foreclose on its mortgage liens and is now engaged in conduct which my clients deem unreasonable and alarming, my clients are unwilling to allow your client back onto the subject property.

With respect to the vehicles referred to in your email, I have been informed that the antique cars do not belong to Nani Mau, Inc. There is and/or was also several construction vehicles on the premises and not all of them belong to Nani Mau, Inc. My client has informed me that one piece of construction equipment was recently removed from the property for use in some off-site work and that he is in the process of returning the same to the property.

Should you have any questions, please do not hesitate to contact me,

Regards,

Richard A. Ing, Esq.
Ogawa, Lau, Nakamura & Jew
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 533-3999
Facsimile (808) 533-0144
E-mail: rai@ollon.com

---

**From:** PAUL Alston [mailto:PAlston@ahfi.com]
**Sent:** Saturday, March 10, 2012 3:51 PM
**To:** Richard A. Ing

# EXHIBIT 12

**Cc:** Robert Martin Jr.; jccross@hawaiiantel.net
**Subject:** Olson v. Nani Mau

Richard:

I did not get a response to my last email.  Please respond when you are able.

Also, yesterday, as you may know, Mr. Fujiyama told John Cross and his wife and daughter (who is a veterinarian) to get off the property when they were there to inspect the collateral.  Mr. Fujiyama is off-base.  The mortgages provide:

 Maintenance and Inspection.  The Borrower shall keep and maintain all buildings, structures and improvements now located or hereafter constructed on the Mortgaged Property in good repair, working order and condition, **and shall permit the Lender and any persons authorized by the Lender to enter and inspect the Mortgaged Property at all reasonable times.**

Pursuant to this provision, Mr. Cross and others intend to reenter the property to conduct inspections and to inventory the collateral early next week.  We expect no interference.

Related to this, Mr. Olson's representatives were told that Mr. Fujiyama instructed the workers to cease maintenance work and to cease feeding the exotic birds (for whom there is now no feed).  Mr. Cross found the birds had no food or water and his daughter found one of the birds to be suffering from a long-standing abscess (which she treated).

And, Mr. Cross found that two antique cars and a front loader, which were all on the property several days ago, have been removed (even though they are part of Mr. Olson's collateral).

I request that you advise Mr. Fujiyama of his obligations under the mortgages.

If you have any questions, please call me.   PAUL ALSTON   (808) 524-1888 (O) or (808) 722-6000 (C)